UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PIERRE WATSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15CV1241 AGF |
| | ) | |
| UNKNOWN MOORE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff, Pierre Watson, an inmate at Jennings Missouri Police Holding, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1).

Furthermore, based upon a review of the complaint, the Court finds that several of plaintiff's claims will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). However, because plaintiff's claims against defendants Erica Unknown, Moore and Hayden would survive review under § 1915 if plaintiff could properly name the capacity under which he is suing these defendants, plaintiff will be given thirty (30) days to amend his complaint by interlineation.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the

prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted a document from Jennings Correctional Facility entitled "Letter of Incarceration" that states that as of August 21, 2015, he had an account balance of $103.00. The letter does not provide information as to plaintiff's average monthly deposits or average monthly balances in the past six month period. As such, the Court will assess an initial partial filing fee of $1.00 at this time. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances.").

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams,* 490 U.S. 319, 328 (1989); *Denton v. Hernandez,* 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes,* 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead

"enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are: Unknown Moore (Field Training Officer); Unknown Hayden (Officer); Unknown Kramer (Unit Manager); St. Louis County Justice Services; Herb Bernsen (Superintendent); Erica Unknown (Nurse Practitioner); and Amy L. Janssen (Lead Nurse in the Infirmary).

Plaintiff claims that on September 10, 2014, defendant Erica Unknown, a Nurse Practitioner, provided him a medical assessment for a rash that was on three different areas on his body. She prescribed hydrocortisone and Benadryl and told plaintiff that he would receive a follow-up to see if the medicine worked. Plaintiff claims he saw defendant Erica Unknown again on September 20, 2014, and the rash had spread and the medicine "was not working." Plaintiff claims Erica Unknown then prescribed him a different medicine called Permethrin because she believed he had scabies.

Plaintiff states that despite receiving the prescription for scabies on September 20th, he did not actually receive the medicine until almost two weeks later. Plaintiff claims that on September 23, 2015, he filed a grievance with Lieutenant Morgan relating to the rash and the failure by Erica Unknown to fill his prescription in a timely manner. Plaintiff states that he also spoke to defendant Kramer, his Unit Manager, about the issue, as well as his case manager, Ms. Haler.[1] Although plaintiff has not stated this clearly in his complaint, it appears that he believes

---

[1] Neither Lt. Morgan nor Ms. Haler have been named as defendants in the caption of this lawsuit, and the Court does not believe that plaintiff has stated enough allegations against these defendants in the body of his complaint to state a claim against them under the Eighth Amendment. First and foremost, a failure to respond to a verbal grievance does not rise to a constitutional violation. *See, supra.* Additionally, a § 1983 claim is not cognizable where a

he was bringing a "verbal grievance" of sorts, to Kramer and Haler relating to Nurse Erica's failure to provide him with the prescription medication.

Plaintiff states that he still did not receive the medicine until October 1, 2014, when it was brought to him by the "sick call" nurse with instructions to leave the solution on for 10-12 hours. Plaintiff alleges that the instructions were given to him in front of Lieutenant Beard, as well as Correctional Officer Malicoat. Plaintiff states that both officers heard the nurse state that the solution could not stay on plaintiff more than 12 hours, which plaintiff claims would have been no later than 7:00 p.m., as the medicine was placed on him at 7:30 a.m. on October 1, 2014.

Plaintiff states that the instructions were relayed by Lieutenant Beard and Officer Malicoat to the next shift officers, defendant Moore and defendant Hayden at 2:00 p.m. Plaintiff claims that he overheard the instructions given to defendants Moore and Hayden via the intercom system located in his cell.

Plaintiff alleges that at 7:00 p.m. on October 1, 2014, he pressed the intercom system to ask defendant Hayden to allow him to shower to rinse the Permethrin solution off of him. Plaintiff claims he was told by defendant Hayden that he "would speak to defendant Moore about this during his hourly tour of the unit." Plaintiff alleges that when he saw defendant Moore making his tour he asked him if he could be released to take his shower to rinse off the medication, and defendant Moore told him "not right now" and he would speak to plaintiff when he finished the tour of the unit. Plaintiff alleges that he again asked to take a shower to rinse the medication off via the intercom system after defendant Moore had ended his tour of the unit, and he was told that "per Lieutenant Beard's orders, as well as medical, he wasn't to be off of lock down until the next day." Plaintiff states he asked to speak to the shift commander, and he was denied the request by defendant Moore. Plaintiff claims he asked to shower again at 8:00 and at

---

plaintiff fails to allege that a defendant was personally involved in or directly responsible for the incident that injured the plaintiff. *See Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985).

9:00, and he was again told that he wasn't to be let off of "lockdown." Plaintiff states that after 9:00 "they" silenced his emergency button so he could not call out.

Plaintiff alleges that at 11:00 p.m. the shift change occurred and he spoke to Officer Tyler during her initial tour, and she stated she would talk to the shift commander and get back to plaintiff. Plaintiff claims that it wasn't until 1:00 a.m. on October 2, 2014, that he was escorted to the shower by Officer Tyler, Lt. Collins, and the night shift nurse. Plaintiff asserts that the nurse told him after seeing his skin that he had bad reaction to the medication, as well as a terrible burn "due to the solution being on 7 hours past" the time it should have been rinsed off.

Plaintiff alleges that on October 7, 2014, he filed a grievance stated that money had been taken from his inmate account for "sick call" that had never occurred on two separate occasions in October. Plaintiff believes that this violates St Louis County Justice Center policy wherein federal inmates are not to be charged for medical visits in their first thirty (30) days being held in the Justice Center.

Plaintiff asserts that on October 27, 2014, he received a response from defendant Janssen, Lead Nurse, relative to his October 7th grievance. Plaintiff states that defendant Janssen wrote that federal inmates were charged by the Justice Center for medical calls, and that he had been seen by medical during the month of October. Plaintiff states that he appealed his grievance to defendant Bernsen, Superintendent of the Justice Center. Plaintiff claims that he told Bernsen that he was being denied proper medical care and that he had been misdiagnosed by defendant Unknown Erica, and charged for medical visits that hadn't occurred. Plaintiff states that the U.S. Marshals later transferred him to the federal holdover in St. Genevieve, and "to this day" he still has a rash.

Plaintiff seeks monetary damages in excess of $100,000 and proper medical care and treatment.

**Discussion**

Several of plaintiff's claims are subject to dismissal in this action. First, plaintiff's claims that he was charged for medical care during his incarceration at the St. Louis County Justice Center is not, by itself, an unconstitutional practice and shall be dismissed. *See, e.g., Reynolds v. Wagner,* 128 F.3d 166, 174 (3d Cir. 1997) ("Although the Supreme Court has held that a state must provide inmates with basic medical care, the Court has not tackled the question whether that care must be provided free of charge."); *Blaise v. McKinney*, 187 F.3d 640 (8th Cir. 1999). It is true that the Eighth Amendment requires that "humane conditions of confinement" be provided by prison officials, *see Farmer v. Brennan,* 511 U.S. 825, 832 (1994), and such requirements "include[s] provision for basic hygiene." *Whittington v. Ortiz,* 307 F. App'x 179, 186 (10th Cir. Jan. 13, 2009) (unpublished op.) (citing *Penrod v. Zavaras,* 94 F.3d 1399, 1406 (10th Cir.1996)). However, plaintiff cannot state a claim for relief for having to pay for medical care because he has not asserted that he cannot pay for his own care. Plaintiff's assertions against Herb Bernsen, St. Louis County Justice Center, and Amy Janssen are therefore subject to dismissal, as a denial of a grievance, by itself, does not rise to a constitutional violation.[2] *See George v. Smith*, 507 F. 3d 605, 609 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.").

Similarly, plaintiff's assertions against Unit Manager Kramer, about his "verbal grievance," when he complained to him about Nurse Erica failing to get him the medication in a timely manner, also fails to state a claim for relief. As noted above, a denial of a verbal grievance, by itself does not rise to a constitutional violation. *Id.* Moreover, plaintiff has not alleged that anyone other than Nurse Erica acted in an unconstitutional manner with respect to

---

[2] To the extent plaintiff believes St. Louis County Justice Center had an agreement with the Bureau of Prisons not to charge federal inmates for medical care, he needs to take the issue to the BOP. This Court has no knowledge of such a contract between those two entities, and a violation of such a contract would not be a constitutional violation.

failing to provide him with his prescription medicine. *See, e.g., George v. Smith*, 507 F. 3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the [constitutional] violations are responsible."). There is no indication in plaintiff's complaint that he believed anyone other than Nurse Erica had the ability to prescribe the medication. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). Thus, plaintiff's assertions against defendant Kramer will be dismissed.

The Court believes, however, that plaintiff has alleged enough in his complaint to state a claim against three defendants in this action for deliberate indifference to his medical needs. Plaintiff first asserts that defendant Erica Unknown, a nurse practitioner who delayed in providing him with his prescription for over two weeks, and then failed to give him the appropriate treatment for his rash on two separate occasions, acted in violation of the Eighth Amendment. Plaintiff also claims that defendants Moore and Hayden failed to allow him to wash off the scabies medication in a timely manner, even though they were told, within plaintiff's hearing, that the medication needed to be washed off by a certain time or else it would result in a burn on plaintiff's skin.

These allegations state a claim under the Eighth Amendment, however, plaintiff has failed to allege the capacity under which he is suing these three defendants. When a complaint is silent as to the capacity under which a person is being sued, a court must interpret the complaint as including only official-capacity claims. *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming an official in his or her official capacity is the equivalent of naming the entity that employs the official.

*Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The correctional officers, Moore and Hayden, were employed by St. Louis County. Nurse Erica was an employee of Corizon, Inc.

To state a claim against an official in his or her official capacity, plaintiff must allege that a policy or custom of his or her employer is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of either St. Louis County or Corizon, Inc. was responsible for the alleged violations of plaintiff's constitutional rights. Thus, the complaint, as stated, fails to state a claim upon which relief may be granted.

However, the Court is willing to provide plaintiff an opportunity to amend his complaint, by interlineation, to name the capacity under which he is suing defendants Moore, Hayden and Nurse Erica Unknown. In his amendment by interlineation, he may indicate that he is suing these three defendants in their official capacity, their individual capacity or both their official and individual capacities. After plaintiff has amended his complaint by interlineation, the Court will again review plaintiff's claims against defendants Moore, Hayden and Erica Unknown, to ascertain whether he states a claim against each of the aforementioned defendants.

Plaintiff's failure to file his amendment by interlineation within thirty (30) days of the date of this Memorandum and Order will result in a dismissal of this action, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his

prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint at this time.

**IT IS FURTHER ORDERED** that **plaintiff shall file an amendment to the complaint, by interlineation, within thirty (30) days from the date of this Memorandum and Order, detailing the capacity under which he is suing defendants Erica Unknown, Unknown Hayden and Unknown Moore.**

**IT IS FURTHER ORDERED** that plaintiff's failure to file an amendment by interlineation within thirty (30) days of the date of this Memorandum and Order will result in a dismissal of this action, without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Unknown Kramer, St. Louis County Justice Services, Herb Bernsen and Amy Janssen because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 22nd day of December, 2015.

_/s/ Audrey G. Fleissig_
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE