UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PIERRE WATSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:15CV1241 AGF |
| | ) |
| UNKNOWN MOORE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for extension of time to amend his complaint, by interlineation, to name the capacity under which he is suing defendants Moore, Hayden and Nurse Erica Unknown. Plaintiff also seeks appointment of counsel.

The Court will grant plaintiff an additional thirty (30) days to amend his complaint by interlineation, in compliance with this Court's December 22, 2015 Memorandum and Order. However, plaintiff's motion for appointment of counsel will be denied, without prejudice, at this time.

There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

Although it appears that plaintiff's claims against some of the defendants may have merit, plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case are complex. Moreover, it does not appear that much investigative work will have to be done in this case. Thus, at this time, it does not appear that counsel is warranted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for an extension of time to amend his complaint by interlineation is [Doc. #9-1] is **GRANTED**. Plaintiff's amendment by interlineation shall be due to this Court no later than **March 7, 2016**. The amendment by interlineation shall be filed in compliance with the instructions set forth in the Court's Memorandum and Order issued on December 22, 2015.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #9-2] is **DENIED** without prejudice at this time.

Dated this 22nd day of January, 2016.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE