# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| PIERRE WATSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:15-cv-01241-JCH |
| UNKNOWN MOORE, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Hayden's Motion to Dismiss, filed on April 14, 2016. (ECF No. 27.) Also pending before the Court is Hayden's Motion to Strike Plaintiff's Reply to Hayden's Motion to Dismiss and Second Amended Complaint. (ECF No. 38.)

## BACKGROUND

On August 13, 2015, Watson filed this civil rights action, naming as defendants in their individual capacities several officials and nurses at the St. Louis County Justice Center (hereinafter, the "SLCJC"), including Officer Hayden. (ECF No. 1.) Watson filed an amended complaint on February 18, 2016. (ECF No. 15.) He asserts that all named defendants were deliberately indifferent to his serious medical needs, in violation of his Eighth Amendment rights. As to Defendant Hayden, Watson alleges as follows.

On October 1, 2014, a nurse at the SLCJC administered Watson a topical treatment for a rash on his body. In the presence of the SLCJC officials on duty at the time, the nurse instructed Watson to leave the solution on for 10-12 hours, and cautioned him that the solution could not stay on him for more than 12 hours. The nurse's instructions were relayed to Hayden at the beginning of Hayden's shift. After the solution had remained on Watson for the requisite

1

amount of time, he requested that Hayden allow him to shower in order to rinse the solution off. Hayden responded that he would speak to the Field Training Officer on duty regarding the matter. Via the intercom system in his cell, Watson continued to request a shower to rinse the solution off, which Hayden denied. After several hours, Hayden silenced Watson's emergency button so that he could not call out. Following the next shift change, and after the solution had been on Watson for seven hours longer than it should have been, Watson was escorted to the shower. He was subsequently evaluated by a nurse who observed that he had a bad reaction to the medication and a terrible burn due to the solution being on longer than it should have been.

As mentioned above, on April 14, 2016, Hayden moved for dismissal of the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Hayden argues that Watson has failed to state a claim because he "has merely ple[d] legal conclusions and other conclusory statements rather than demonstrate a plausible claim for relief…" (ECF No. 27 at 1.) On August 19, 2016, Watson filed a Second Amended Complaint and a Reply to Hayden's Motion to Dismiss, which Hayden now moves to strike. (ECF Nos. 36-38.)

## DISCUSSION

**A. Motion to Dismiss**

In ruling on a motion to dismiss, the Court must view the allegations in the complaint in the light most favorable to the plaintiff. *See Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. Thus, the issue is not whether the plaintiff will ultimately prevail, but instead is whether the plaintiff is entitled to present evidence in support of his claim. *See* Fed. R. Civ. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-556 (2007). A viable complaint must contain "enough facts to state a claim to relief that is plausible on its face."

*Twombly*, 550 U.S. at 570. However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Upon consideration of the original and amended complaints, the Court finds that Watson's allegations against Hayden survive Hayden's Motion to Dismiss. As stated above, Watson alleges that Hayden failed to allow him to rinse the solution off in a timely manner, even though Hayden had received medical instructions that the solution was not to remain on Watson for longer than 12 hours. Construing Watson's factual allegations as true, the Court finds that he has plead sufficient factual content to state a plausible claim against Hayden for deliberate indifference to Watson's serious medical needs. *See Langford v. Norris*, 614 F.3d 445, 459-60 (8th Cir. 2010) ("It is well established that deliberate indifference to a prisoner's serious medical needs is cruel and unusual punishment in violation of the Eighth Amendment"; setting forth elements of deliberate indifference claim); *see also Twombly*, 550 U.S. at 555 (factual allegations must be enough to raise right to relief above speculative level); *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976) (constitutional obligation to provide medical care to those in custody is violated when officials intentionally delay access to medical treatment or intentionally interfere with treatment once prescribed). Therefore, Hayden's Motion to Dismiss will be denied, and Hayden's Motion to Strike Watson's Reply will be denied as moot.

**B. Motion to Strike Second Amended Complaint**

Hayden moves to strike Watson's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a), arguing that the amendment was filed beyond 21 days after the serving

3

of Hayden's Motion to Dismiss, and that the Court has not granted Watson leave to file an amended pleading.

Federal Rule of Civil Procedure 15(a) "governs the pretrial amendment of pleadings and states that where an amendment is not sought 'as a matter of course'—as defined by the Rule—'a party may amend its pleadings only with the opposing party's written consent or the court's leave.'" *See Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008) (citing Fed. R. Civ. P. 15(a)(2)).

Because Watson did not file a motion seeking leave of the Court before filing his Second Amended Complaint, and because Watson's original and amended complaints survive Hayden's Motion to Dismiss, the Court will strike the pleading in its entirety. Should Watson wish to amend his pleadings in the future for the purpose of adding new defendants or claims, he is advised that he must file a proper motion for leave to file an amended complaint, along with an attached proposed amended complaint. *See Clayton v. White Hall Sch. Dist.*, 778 F.2d 457, 460 (8th Cir. 1985) ("[I]n order to preserve the right to amend the complaint, a party must submit the proposed amendment along with its motion"); *see also Minneapolis Firefighters' Relief Ass'n v. MEMC Elec. Materials*, Inc., 641 F.3d 1023, 1030 (8th Cir. 2011) (stating that sufficient motion for leave to amend seeks leave to amend; attaches copy of proposed amended complaint; and specifies additional allegations that would overcome motion to dismiss).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Hayden's Motion to Dismiss (ECF No. 27) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Hayden's Motion to Strike (ECF No. 38) is **GRANTED in part**, and **DENIED in part**.

**IT IS FURTHER ORDERED** that Plaintiff's Second Amended Complaint (ECF No. 36) is **STRICKEN**.

Dated this 25th day of August, 2016.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE