IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | |
|---|---|
| PIERRE WATSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No: 4:15-CV-01241-JCH |
| UNKNOWN MOORE, et al., | ) ) ) |
| Defendants. | ) ) ) |

**DEFENDANT ERICA CRISS' MOTION FOR SUMMARY JUDGMENT
FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

COMES NOW Defendant Erica Criss, by and through her attorneys Wiedner & McAuliffe, and for her Motion for Summary Judgment for Failure to Exhaust Administrative Remedies, states as follows:

1. The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) provides, in pertinent part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

2. A Plaintiff's suit must be dismissed if administrative remedies are not fully and properly exhausted. *Woodford v. Ngo*, 126 S. Ct. 2378, 2383 (2006).

3. At the time of the events alleged in his Amended Complaint [Doc. 15], Plaintiff Pierre Watson was an inmate confined within the St. Louis County Justice Center, and brought this 42 U.S.C. § 1983 lawsuit, initially on August 13, 2015,

[Doc. 1], but later amended it on February 18, 2016 [Doc. 15] and January 17, 2017 [Doc. 77].

4. Plaintiff alleges that Defendant Erica Criss was deliberately indifferent to his serious medical needs by failing to timely provide medication for Plaintiff's condition, and misdiagnosing that same condition. [Doc. 77, p. 13, ¶ 91-93].

5. Plaintiff was made aware of the grievance process at St. Louis County Jail, as outlined by the inmate handbook he received upon entry.

6. In the matter at hand, Plaintiff has failed to properly and timely exhaust his administrative remedies against Erica Criss. The single grievance regarding the issue may have been properly appealed, but did not address Erica Criss or any action or inaction taken by her.

7. Erica Criss should be dismissed from this action for Plaintiff's failure to properly exhaust his administrative remedies.

8. In support of her Motion for Summary Judgment for Failure to Exhaust Administrative Remedies, Defendant files concurrently herewith her Memorandum of Law in Support of her Motion for Summary Judgment.

WHEREFORE Defendant Erica Criss respectfully requests that this Court enter an Order dismissing her from this action for Plaintiff's failure to exhaust his administrative remedies; that summary judgment be entered in her favor; and for such other and further relief that this Court deems meet and just in the circumstances.

        Respectfully Submitted,

        WIEDNER & McAULIFFE, LTD.

By:     /s/ *Alexander B. Chosid*
       C. Zachary Vaughn, #MO56408
       Alexander B. Chosid, #MO64780
       8000 Maryland Ave., Suite 550
       St. Louis, Missouri 63105
       (314) 721-3400 – telephone
       (314) 725-5755 – fax
       czvaughn@wmlaw.com
       abchosid@wmlaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was sent via this Court's electronic filing system, this 27th day of January, 2016 to:

Talmage E. Newton IV
Reno R. Cova, III
NEWTON BARTH, L.L.P.
7515 Delmar Blvd.
St. Louis, MO 63130
tnewton@newtonbarth.com
rcova@newtonbarth.com
*Attorneys for Plaintiff*

Lorena V. Merklin von Kaenel
Assistant County Counselor
Office of the County Counselor
County Government Center
41 South Central, 9th Floor
Clayton, MO 63105
Lmerklinvonkaenel@stlouisco.com
*Attorney for Defendants Moore and Hayden*

        /s/ *Alexander B. Chosid*