UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| PIERRE WATSON, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. 4:15-cv-01241-JCH |
|  | ) |  |
| UNKNOWN MOORE, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Erica Criss's Motion for Summary Judgment. (ECF No. 81.) The Motion has been fully briefed and is ready for disposition.

## BACKGROUND

On August 13, 2015, Plaintiff Pierre Watson filed this action under 42 U.S.C. § 1983. Plaintiff filed his Third Amended Complaint (hereinafter, the "Complaint") on January 17, 2017. (Compl., ECF No. 77.) In his Complaint, Plaintiff alleges the following.

At all relevant times, Plaintiff was an inmate at the St. Louis County Department of Justice Services (hereinafter, the "County Jail"), and Defendant Criss was a nurse practitioner at the County Jail. On September 10, 2014, Plaintiff saw Defendant Criss for a medical assessment related to a rash he had developed, for which he was prescribed hydrocortisone and Benadryl. On September 20, 2014, Plaintiff saw Defendant Criss for a follow-up medical assessment, during which he informed her that the medicine she had prescribed was not working and that the rash had worsened. At that time, Defendant Criss diagnosed Plaintiff's rash as scabies and prescribed a course of Permethrin topical solution. By September 23, 2014, Plaintiff had not yet received the Permethrin solution, and he filed an institutional grievance. Plaintiff filed another

1

grievance on September 29, 2014, complaining that he still had not received the medicine. Plaintiff was administered the Permethrin solution on October 1, 2014, "eleven (11) days after it was prescribed." It was later determined that Plaintiff was not afflicted with scabies. Plaintiff asserts that Defendant Criss was deliberately indifferent to his serious medical needs, in that she delayed administration of the Permethrin treatment and misdiagnosed his skin condition.

Plaintiff's Complaint contains additional allegations and claims related to the improper administration of the Permethrin solution by other County Jail officials, some of whom are also named as Defendants. Specifically, Plaintiff alleges that the other officials prevented him from showering and rinsing the solution off in a timely manner. Plaintiff asserts that, as a result of Defendants' actions, he experienced "exacerbated skin irritation, adverse reactions, and [a] severe rash," and that he "has a lasting skin condition that is irritating, disfiguring, and permanent." *Id.*

As mentioned above, Defendant Criss now moves for summary judgment, arguing that Plaintiff has failed to exhaust his administrative remedies as to his claims against her. Contrary to Plaintiff's Complaint allegations, the summary judgment record shows that Plaintiff saw Defendant Criss and was prescribed Permethrin on September 30, 2014. Also contrary to Plaintiff's Complaint allegations, the undisputed facts show that Plaintiff prepared only one grievance relevant to this suit, which was dated October 2, 2014. Plaintiff's October 2 grievance relates solely to the events surrounding the County Jail officials' failure to allow him to shower to rinse the Permethrin solution off. The grievance does complain of delayed treatment or misdiagnosis of Plaintiff's skin condition by Defendant Criss or any nurse practitioner generally. Finally, the summary judgment record demonstrates that Plaintiff received a copy of the Inmate Handbook while incarcerated at the County Jail. The Inmate Handbook sets forth the grievance

2

procedures at the County Jail, and it requires inmates filing grievances to, inter alia, "[r]elate specific details in the grievance such as the date, time, and location of the incident, any witnesses and any and all related information." (Def. Ex. A. at 012.)

## SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment shall be granted if the movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, a court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences that may be drawn from the record. *See Hott v. Hennepin Cnty., Minn.*, 260 F.3d 901, 904-05 (8th Cir. 2001) (citation omitted).

The moving party bears the burden of showing the absence of a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). When a summary judgment motion is properly supported by evidence, the burden then shifts to the non-moving party who must set forth affirmative evidence showing that there is a genuine issue for trial. *See id*. at 256-57. The non-moving party may not rest on the allegations in his pleadings, but must set forth specific facts showing that a genuine issue of material fact exists. *See* Fed. R. Civ. P. 56(c); *Stone Motor Co. v. Gen. Motors Corp.*, 293 F.3d 456, 465 (8th Cir. 2002). Self-serving, conclusory statements without support are not sufficient to defeat summary judgment. *See Armour & Co., Inc. v. Inver Grove Heights*, 2 F.3d 276, 279 (8th Cir. 1993).

## DISCUSSION

Defendant Criss argues that she is entitled to summary judgment because Plaintiff failed to grieve any issue relating to the care she provided and thereby failed to exhaust his administrative remedies. Plaintiff responds that no available remedies existed because monetary

3

damages for pain and suffering were not available through the administrative grievance process, and therefore there was no remedy that filing a grievance would have achieved once he was allowed to take a shower.

The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust all available administrative remedies before bringing a section 1983 action challenging conditions of confinement. *See* 42 U.S.C. § 1997(e)(a); *Woodford v. Ngo*, 548 U.S. 81, 82 (2006). PLRA "requires proper exhaustion," which "demands compliance with an agency's deadlines and other critical procedural rules[.]" *Id.* at 91-92. In addition, "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes…" *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citations omitted). Furthermore, exhaustion is required "regardless of the relief offered through administrative procedures." *Booth v. Churner*, 532 U.S. 731, 741 (2001); *see also Porter*, 534 U.S. at 524 ("Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit.").

The Court concludes that Plaintiff has failed to exhaust his administrative remedies as to his claims against Defendant Criss. Based upon the allegations set forth in the Complaint, Defendant Criss's actions were separate and distinct from those of the other County Jail Defendants. Although Plaintiff filed a grievance on October 2, 2014 regarding the improper administration of the Premethrin solution by other County Jail officials, the grievance does not contain any information regarding the alleged delay in treatment or misdiagnosis by Defendant Criss. Therefore, Plaintiff did not properly grieve his claims against Defendant Criss in accordance with the with the County Jail grievance procedures, and it cannot be said that Defendant Criss received notice through the process that Plaintiff was specifically grieving

against her. *See Burns v. Eaton*, 752 F.3d 1136, 1141 (8th Cir. 2014) ("It is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."); *Harrison v. Sachse*, No. 4:15CV631 AFG, 2016 WL 728306, at *4 (E.D. Mo. Feb 24, 2016) (plaintiff's failure to specifically grieve doctor's refusal to see him was "fatal" to his deliberate-indifference claim against doctor); *see also Johnson v. Jones*, 340 F.3d 624, 626-27 (8th Cir. 2003) ("Congress enacted §1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.").

In addition, contrary to Plaintiff's argument that no available remedies existed, Plaintiff could have filed a grievance seeking additional medical care for his ongoing skin condition, which, according to the Complaint allegations, persists to this day. *See Booth*, 532 U.S. at 734 (inmate seeking only money damages must complete prison administrative process that could provide some sort of relief on complaint stated); *see also Porter*, 534 U.S. at 525 (for cases ultimately brought to court, adjudication could be facilitated by administrative record that clarifies "the contours of the controversy").[1]

In view of the foregoing, the Court finds that Defendant Criss is entitled to summary judgment.

---

[1] For this reason, the Court finds Plaintiff's reliance on the Seventh Circuit's decision in *Thornton v. Snyder* unavailing. 428 F.3d 690, 696 (7th Cir. 2005) (finding that there was no relief that institutional appeal of grievances could have achieved, where inmate had already received relief he had requested in his grievances; "Unlike here, there was in *Booth* still the possibility of some relief that prison officials could have offered that might have satisfied the inmate."). Furthermore, in his October 2 grievance, Plaintiff seemingly acknowledges his filing of an institutional grievance as a prerequisite to filing an action in federal court: "[T]here isn't a way the Justice Service can rectify, remedy, or award me any type of monetary damages, so I just want this documented and filed in order to use for later civil actions." (Def. Ex. B at 92.)

5

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Erica Criss's Motion for Summary Judgment (ECF No. 81) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Erica Criss in Count IV of the Third Amended Complaint are **DISMISSED with prejudice**.

Dated this 28th day of February, 2017.

/s/      Jean C. Hamilton
UNITED STATES DISTRICT JUDGE